UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>25-mj-8686-RMM</u>

IN RE COMPLAINT

_____/

FILED BY ____SP____ D.C.
Nov 20, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

<u>CRIMINAL COVER SHEET</u>

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

    Respectfully submitted,

    JASON A. REDING QUIÑONES
    UNITED STATES ATTORNEY

    By:   _/s/ Suzanne Huyler_____
        SUSANNE HUYLER
        Assistant United States Attorney
        Court No. A5503350
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401
        Tel: (561) 209-1013
        Suzanne.Huyler@usdoj.gov

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 25-mj-8686-RMM |
| JUAN GUILLERMO MATUTE FIGUEROA, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED BY ___SP___ D.C.
Nov 20, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 20, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g)(5) | Possession of a Firearm by an Illegal Alien |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Vincent Rubbo, ATF Special Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 11/20/25

*Judge's signature*

City and state: West Palm Beach, FL

Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

I, ATF Special Agent Vincent Rubbo, being first duly sworn, does hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been an ATF Special Agent since January of 2015. My duties include the investigation of violations of the Federal firearms laws. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program as well as the ATF National Academy. As an ATF Special Agent, I have conducted and participated in investigations of a variety of federal crimes, including firearms and narcotics violations.

2. This affidavit is made in support of a Criminal Complaint and Arrest Warrant charging defendant Juan Guillermo MATUTE- FIGUEROA (hereinafter "**MATUTE**") with possession of a firearm by an alien unlawfully in the United States in violation 18 U.S.C. § 922(g)(5).

3. The information contained in this affidavit is based in part on information developed by ATF Special Agents, information obtained from other law enforcement personnel, information obtained from a confidential source ("CS"), and a review of various law enforcement databases. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the criminal complaint, it does not include all facts known to me or to other law enforcement officers regarding this investigation.

## PROBABLE CAUSE

4. ATF received information that Gerson Eliu Padilla-Figueroa (hereinafter "PADILLA"), a lawful permanent resident (LPR) and foreign national from Honduras, had made multiple firearms purchases consistent with straw purchasing. Specifically, between November 25,

2023, and March 6, 2025, PADILLA purchased at least twenty-nine (29) firearms, some of which were readily identified as weapons of choice. An ATF Interstate Nexus expert reviewed the firearms purchased by Padilla and determined that the firearms traveled in or affected interstate and/or foreign commerce.

5. On March 5, 2025, ATF SA Rubbo received information PADILLA was attempting to transfer a DC Industries, Yugo M92 Nodak Spud, 7.62x39mm caliber, AK-47 type rifle, through Crown Boca LLC, d/b/a/ Crown Pawn, located at 3095 S. Military Trail #1, Lake Worth, Florida, 33463.

6. On March 6, 2025, ATF SAs conducted surveillance of PADILLA-Figueroa. SAs observed PADILLA-Figueroa pick up the firearm at Crown Pawn and return with the firearm to his residence in West Palm Beach, Florida.

7. On March 6, 2025, ATF SAs conducted a non-custodial audio-recorded interview with PADILLA-Figueroa at his residence. The interview was primarily conducted in the Spanish language.

8. In summary and not verbatim, PADILLA-Figueroa acknowledged purchasing approximately twenty-nine (29) firearms, from approximately November 25, 2023, to March 6, 2025. PADILLA-Figueroa stated the firearms purchases were made on behalf of an individual he knows as "Guillermo" or "Guillermo Matute" with Facebook page "Juan Matute." PADILLA-Figueroa stated MATUTE is from Honduras and has no documents (referring to immigration documents). SAs later identified "Juan Matute" as Juan Guillermo Matute-Figueroa, a Honduran national.

9. PADILLA-Figueroa stated MATUTE would tell him what firearms he was looking for. PADILLA-Figueroa would tell MATUTE the cost and collect the money from MATUTE.

PADILLA-Figueroa would then go online through Gun Broker and order the firearms. The firearms would be shipped to a local FFL. PADILLA-Figueroa would then fill out the ATF Form 4473, take custody of the firearm(s), and then give them to MATUTE. PADILLA-Figueroa stated MATUTE would pay him $200 for each time he bought firearms for him.

10. On or about November 5, 2025, ATF received information from a cooperating source (CS) that MATUTE wanted someone to bid on one of several Ruger Mini 14 rifles through Gunbroker.com, acquire the firearm, and then transfer the Ruger Mini 14 rifle to MATUTE.

11. On or about November 14, 2025, an ATF Undercover Agent (ATF UC) contacted MATUTE through WhatsApp[1]. The ATF UC asked if MATUTE wanted to purchase a Ruger, model: Mini 14, .223/5.56 caliber rifle for $800. MATUTE agreed to purchase the firearm from the ATF UC at a later date.

12. On November 20, 2025, ATF and HSI SAs conducted an undercover controlled delivery of the firearm to MATUTE. MATUTE met with two (2) ATF UCs at a storage unit in West Palm Beach, Florida, within the Southern District of Florida. MATUTE inspected several firearms. MATUTE agreed to purchase one (1) AK-47 variant rifle and (1) Ruger Mini 14 rifle from the ATF UCs. MATUTE paid $1,800 in cash firearms. ATF SAs arrested MATUTE and placed him into ATF custody without incident.

13. ATF and HSI SAs conducted a post-arrest custodial audio/video recorded interview of MATUTE. SAs advised MATUTE of his Miranda rights. MATUTE agreed to speak to the SAs without and attorney present and signed the ATF Advice of Rights and Waiver form in Spanish.

14. In summary and not verbatim, MATUTE stated he arrived in the United States on a tourism visa. MATUTE stated he is a Honduran national and does not have any legal status to

---

[1] WhatsApp is a free, cross-platform messaging and voice/video calling app owned by Meta that uses a phone's internet connection to send messages, photos, videos, and documents instead of traditional SMS or cellular calls.

be in the United States, nor has he applied for legal status. MATUTE stated he is not allowed to possess firearms. MATUTE stated the AK-47 rifle and the Ruger Mini 14 were purchased with his (MATUTE's) cash, however, the firearms were intended for another individual named "William."

15. According to a review of ICE ERO, HSI, Department of Homeland Security (DHS), and other law enforcement databases, MATUTE is native and citizen of the Honduras who entered into the United States on or about January 18, 2019, at Port Everglades/Fort Lauderdale, Florida on a B2 non-immigrant Visa (foreign nationals wishing to enter the U.S. for tourism, pleasure, or medical treatment). MATUTE was admitted for a time period not to exceed 60 days. MATUTE failed to depart the United States by March 19, 2019, the expiration date of the Visa. Due to MATUTE's non-immigrant status in the U.S., ATF determined MATUTE is prohibited from possessing firearms and/or ammunition.

16. Lastly, an ATF Special Agent and firearms Interstate Nexus Expert examined the AK-47 variant rifle and the Ruger Mini 14 rifle. Based upon Special Agent's training and experience, it was determined that the firearms were manufactured outside the State of Florida, therefore traveled in, and affected interstate commerce.

**CONCLUSION**

17. On the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge defendant **MATUTE** with being an unlawful alien in possession of a firearm and/or ammunition in violation, in violation of Title 18, United States Code, Section 922(g)(5).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Vincent Rubbo
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and attested to me by applicant by telephone (Facetime) per the requirements of Fed.R.Crim.P. 4(d) and 4.1 on November 20, 2025.

_____
RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE